# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **KATHOUM MUTAB,** | No. CV-07-1415-PHX-DGC (CRP) |
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION** |
| **DORA SCHIRO, et. al.,** | |
| Respondents. | |

Petitioner, Kathoum Mutab, filed a federal habeas petition alleging a violation of his Sixth Amendment rights, and requesting that his case be remanded for re-sentencing. (Doc. 1). Petitioner argues that *Blakely v. Washington* applies and entitles him to a jury determination of his aggravated sentence. 542 U.S. 296 (2004). Because the petition was filed after April 24, 1996, it is subject to the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Respondents refute the habeas petition, arguing that it is time-barred, and that Petitioner has failed to meet the AEDPA's one-year statute of limitations under 28 U.S.C. § 2244(d)(1). Respondents also contend that Petitioner is not entitled to equitable tolling under the AEDPA. Filing *pro se*, Petitioner argues that the AEDPA's one-year statute of limitations did not bar his petition under Section 2244(d)(1)(D) of the AEDPA, which reads that the limitation period runs from "the date on which the factual

predicate of the claim presented could have been discovered through the exercise of due diligence."§ 2244(d)(1)(D). Petitioner did not file a reply to Respondents' answer.

For the reasons discussed herein, the Court finds that Petitioner's Federal Petition for Writ of Habeas Corpus is untimely, and that statutory and equitable tolling are not applicable. The Magistrate Judge recommends that the District Judge, after her independent review and analysis, deny the habeas petition.

## I.  Factual and Procedural History

The State of Arizona originally charged petitioner with ten counts of child molestation, one count of attempted child molestation, and three counts of sexual abuse. (Doc. 10, Ex. E at 2).  On February 20, 2004, pursuant to a plea agreement, Petitioner pled guilty to four counts of child molestation. (Doc. 10, Ex. A).  The trial court also set a mitigation/sentencing hearing for March 22, 2004. (Doc. 10, Ex. B at 3).  After the mitigation/sentencing hear, on May 27, 2004, Petitioner was sentenced to an aggravated twelve years in prison for one count of attempted child molestation, and three lifetime probation terms for the other three counts of child molestation. (Doc. 10, Ex. C).

### A.  Direct Review

On August 12, 2004, Petitioner filed a timely of-right notice for post-conviction relief, pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. (Doc. 10, Ex. D). Petitioner submitted the of-right petition on February 22, 2005. (Doc. 10., Ex. E).  The Superior Court of Arizona denied the petition on April 8, 2005. (Doc. 10, Ex. H).  On May 3, 2005, Petitioner appealed the Superior Court's decision to the Arizona Court of Appeals, which denied Petitioner's request for review on February 23, 2006. (Doc. 10, Ex. I & J).  Petitioner did not seek review from the Arizona Supreme Court during the thirty day window available for him to do so. Ariz. R. Crim. P. 31.19(a).

### B. Collateral Appeal

Petitioner did not file a collateral appeal.

1  **C. Federal Appeal**

Petitioner filed his Federal Petition for Writ of Habeas Corpus on July 25, 2007 (Doc. 1).

**II. Discussion**

This Report and Recommendation focuses on the timeliness of Petitioner's federal habeas petition. Petitioner's argument that his petition is timely under Section 2244(d) of the AEDPA is insufficient, and a review of the record supports Respondents' contention that Petitioner's habeas petition is untimely. Petitioner is not entitled to statutory or equitable tolling.

**A. AEDPA Statute of Limitations**

The AEDPA imposes a one-year statute of limitations on state prisoners right to file federal habeas petitions. 28 U.S.C. § 2241(d)(1). The statute of limitations begins to run *from the latest of*: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.*

Of these four possible triggers, the first is relevant to the present action. Here, the statute of limitations under the AEDPA began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2241(d)(1)(A). The Ninth Circuit has held that an of-right appeal for post-conviction relief is a form of direct review for purposes of determining the

trigger date for the AEDPA's statute of limitations. *Summers v. Schiro*, 481 F.3d 710 (9th Cir. 2007). Therefore, "AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review." *Id.* at 711.

In the case at hand, Petitioner pled guilty to four counts of attempted child molestation and he was sentenced on May 27, 2004. Petitioner filed a timely of-right post-conviction relief appeal in February 2005. After the trial court denied his post-conviction appeal, Petitioner filed a petition for review asking the Arizona Court of Appeals to review the trial court's decision. The appellate court denied the petition for review on February 23, 2006. Under Arizona law, Petitioner had thirty days to appeal to the Arizona Supreme Court. Ariz. R. Crim. P. 31.19(a). Petitioner did not appeal the appellate court's decision and his time to request review of that decision by the Arizona Supreme Court expired on March 25, 2006.

Petitioner's direct review for purposes of the AEDPA, therefore, concluded on March 25, 2006. The AEDPA's one-year statute of limitations began running the following day, March 26, 2006. Absent any tolling periods, Petitioner's window for filing a federal habeas petition expired on March 25, 2007. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (explaining that the AEDPA's limitation period expires on the one year anniversary of the date on which it begins to run). Petitioner, however, did not submit his petition until July 24, 2007, months past this deadline.

Two other triggers for the start of the limitations period merit a short discussion here. Petitioner argues the trigger date for the statute of limitations in his case is governed by subsection (D) of § 2241(d)(1). (Doc. 1, at 11). This subsection states that the statute of limitations may begin to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2241(d)(1)(D). In the case at hand, the factual predicate for Petitioner's claim has remained constant, and was known to Petitioner and Respondent. Petitioner makes

no argument that the factual predicate changed after the judgment was final. Therefore, the factual predicate would not provide a later start date for the limitations period than that outlined above, and is, therefore, not an accurate trigger for the statute of limitations.

While Petitioner fails to explain why he believes subsection (D) is the appropriate trigger, his belief appears linked to his argument on the merits. Petitioner argues that *Blakely v. Washington* revealed his constitutional right to have any aggravated sentence beyond the statutory maximum decided by a jury, and that the court's failure to do so in his case violated his Sixth Amendment right to trial by jury because he received an aggravated sentence. 542 U.S. 296 (2004). The subsection (C) trigger is more closely aligned with this argument, but it is still an incorrect trigger. That subsection states that the statute of limitations begins to run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Accordingly, Petitioner may be attempting to argue that the date on which the statute of limitations began to run ought to be the date that *Blakely* was decided and this constitutional right was recognized. However, *Blakely* was decided on June 24, 2004, only one month after the Petitioner's initial sentencing, before his notice of post-conviction relief was filed and long before his judgment was final. It is not, therefore, later than the first triggering mechanism discussed, and is not the correct start date for the limitations period.

The AEDPA's statute of limitations began to run on the date that Petitioner's judgment became final, March, 26, 2006. The limitations period expired one year later on March 26, 2007. Petitioner failed to file his petition prior to the expiration of that limitation period. If a petitioner fails to file a habeas petition by the expiration of the limitations period, he is barred from doing so unless the limitations period is statutorily or equitably tolled.

## B. Tolling

Under the AEDPA, the statute of limitations is statutorily tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). To be properly filed, the application for review must be filed while time remains on the statute of limitations. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). It must also be timely under state law. *Pace v. DiGuglielmo*, 544 U.S. 408, 414-15 (2005). In the case before this court, however, Petitioner never filed for a collateral review, so statutory tolling is not available.

The Court may also permit the late filing of a federal habeas petition on the basis of equitable tolling. Equitable tolling is available under 28 U.S.C. § 2244(d)(2) to ensure that technical requirements do not prevent an unjust technical forfeiture of causes of action. *Harris v. Carter*, 515 F.3d 1051, 1056 (9th Cir. 2008). It is available if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *See, e.g., Stillman v. LaMarque,* 319 F.3d 1199, 1202 (9th Cir. 2003).

Despite this allowance, however, the burden on the petitioner to prove that equitable tolling is applicable is very high. The petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace*, 544 U.S. at 418. Those extraordinary circumstances must be "beyond a prisoner's control" and must "make it impossible to file a petition on time." *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005). Equitable tolling is not permitted in cases where the prisoner's own oversight, miscalculation or negligence contributed to the failure to file the petition. *Harris*, 515 F.3d at 1054. Additionally, a prisoner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

In the case at hand, Petitioner argues that, after receiving the state appellate court's denial of his petition, he did not know he could appeal to any other court. (Doc. 1). In July, 2007, he learned from a friend that he could bring his case to federal court in a

- 6 -

habeas petition, at which time he argues that he diligently brought the petition to the court. *Id.* Without more, the Court finds that the Petitioner's lack of knowledge or understanding of the applicable deadlines and possibilities for petition in this case does not entitle the Petitioner to equitable tolling.

**III. Recommendation**

The Court finds that Petitioner's federal habeas petition is untimely, and that neither statutory nor equitable tolling applies. The Court does not reach the merits of Petitioner's allegations. The Court recommends that the District Judge, after his independent review and analysis, enter an order dismissing the Federal Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. § 626(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CV-07-1415-PHX-DGC**.

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 6th day of August, 2009.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE