**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathoum Mutab,<br><br>Petitioner,<br><br>vs.<br><br>Charles L. Ryan, Director of the Arizona Department of Corrections; and the Attorney General of the State of Arizona,<br><br>Respondents. | No. CV-07-1415-PHX-DGC (CRP)<br><br>**ORDER** |

Kathoum Mutab pled guilty in state court to four counts of attempted child molestation and dangerous crimes against children. He was sentenced to an aggravated 12-year prison term and lifetime probation. He presently is incarcerated at the Arizona State Prison–Winchester Unit, in Tucson.

Mutab filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that *Blakely v. Washington*, 542 U.S. 296 (2004), entitles him to a jury determination of his aggravated sentence. Dkt. #1. United States Magistrate Judge Charles Pyle has issued a report and recommendation ("R&R") recommending that the petition be dismissed as untimely. Dkt. #12. Mutab has filed an objection to the R&R. Dkt. #13. A response and reply have been filed. Dkt. ##18, 23. For reasons that follow, the Court will accept the R&R and dismiss the petition.

1 **I.     R&R Review Standard.**

2      The Court must undertake a de novo review of those portions of the R&R to which
3 specific objections are made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Thomas*
4 *v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th
5 Cir. 2003). The Court may accept, reject, or modify, in whole or in part, the findings or
6 recommendations made by the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ.
7 P. 72(b)(3).

8 **II.    Discussion.**

9      Mutab was sentenced on May 27, 2004. Dkt. #10-1 at 10-14. He raised a *Blakely*
10 challenge to his sentence in a state court petition for post-conviction relief filed on
11 February 22, 2005. *Id.* at 18-24. The trial court denied the petition (*id.* at 44), and the court
12 of appeals denied review on February 23, 2006 (*id.* at 50). Mutab did not seek review from
13 the Arizona Supreme Court, and the time for doing so expired on March 25, 2006. *See* Ariz.
14 R. Crim. P. 31.19(a).

15      The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established
16 a one-year period of limitation for federal habeas petitions filed by state prisoners.
17 28 U.S.C. § 2244(d)(1). That period generally begins to run when the state conviction
18 becomes final by the conclusion of direct review or the expiration of the time for seeking
19 such review. 28 U.S.C. § 2244(d)(1)(A). Mutab's conviction became final on March 25,
20 2006, when the time to seek review from the Arizona Supreme Court expired. Mutab had
21 one year, until March 25, 2007, to file a federal habeas petition under the AEDPA.

22      The R&R concludes that the instant petition is untimely because it was filed on
23 July 24, 2007, four months late. Dkt. #12 at 4. The R&R further concludes that Mutab has
24 not shown an entitlement to statutory or equitable tolling of the limitation period. *Id.* at 6-7.

25      Mutab objects to the Magistrate Judge's statements that Mutab did not file a collateral
26 appeal and never sought collateral review. Dkt. #13 at 1-2. Mutab asserts that collateral
27 review is not available under Arizona law where the defendant pleads guilty. *Id.* He
28 further states that he is confused by the Magistrate Judge's reference to "collateral appeal"

and "collateral review" because a habeas petition "is synonymous with 'collateral review/appeal.'" *Id.*

The Magistrate Judge's statement that Mutab never sought collateral review refers to a review of the final decision denying Mutab's state court petition for post-conviction relief. *See* at 2, 6. The Magistrate Judge concluded that the one-year limitation period established by the AEDPA began to run when Mutab's conviction became final on March 25, 2006 (Dkt. #12 at 2), and the period was not statutorily tolled because Mutab never filed a collateral appeal from the denial of his petition for post-conviction relief (*id.* at 6). *See* 28 U.S.C. § 2244(d)(2). This conclusion does not change even if, as Mutab asserts, Arizona law precluded him from seeking collateral review of the denial of his petition for post-conviction relief. Mutab has not otherwise presented a valid objection to the Magistrate Judge's conclusion that statutory tolling does not apply.

Mutab objects to the Magistrate Judge's finding that Mutab has not shown an entitlement to equitable tolling of the AEDPA's limitation period. Dkt. #13 at 3-4. Equitable tolling "is not available in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and is appropriate only if Mutab can show diligent pursuit of his rights and some "extraordinary circumstance" preventing his timely filing, *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004). Mutab has not met either prerequisite.

Mutab claims that he did not know he could seek collateral review of the denial of his petition for post-conviction relief until July 2007, when he learned from a fellow inmate that a federal habeas petition could be filed. Dkt. #1 at 5. Mutab asserts that he diligently sought to bring his *Blakely* claim in federal court (*see id.*), but provides no facts supporting this assertion. Mutab has not shown that he diligently pursued his right to federal habeas relief. *See Bryant v. Schriro*, 499 F.3d 1056, 1061 (9th Cir. 2007) ("A petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence.").

In August 1997, the Arizona Department of Corrections ("ADOC") implemented Departmental Order 902 ("D.O. 902"), which disbanded case law collections in ADOC facilities but provided inmates with access to paralegals. *See Bryant*, 499 F.3d at 1059.

Mutab claims that D.O. 902 precluded him from learning the "language, interpretation, or application of the AEDPA" and he therefore should not be bound by the AEDPA's one-year period of limitation. Dkt. #13 at 3-4. Mutab's purported ignorance of the law "is not, by itself, an extraordinary circumstance warranting equitable tolling." *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Because Mutab has presented no evidence showing that he took advantage of paralegal assistance provided by the ADOC, he has failed to show that the implementation of D.O. 902 caused his untimeliness. *See Bryant*, 499 F.3d at 1061. The Magistrate Judge correctly concluded that Mutab is not entitled to equitable tolling. *See* Dkt. #12 at 7; *see also Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (the threshold necessary to trigger equitable tolling under the AEDPA "'is very high, lest the exceptions swallow the rule'") (citation omitted).

**III. Conclusion.**

The R&R recommends that Mutab's habeas petition be dismissed because it was filed four months after the statute of limitations expired and Mutab is not entitled to statutory or equitable tolling. Mutab's objection to the R&R is without merit. The Court will accept the R&R and dismiss the petition.

**IT IS ORDERED:**

1. Magistrate Judge Charles Pyle's report and recommendation (Dkt. #12) is **accepted**.
2. Petitioner Kathoum Mutab's petition for writ of habeas corpus (Dkt. #1) is **dismissed**.
3. The Clerk is directed to **terminate** this action.

DATED this 24th day of November, 2009.

David G. Campbell
United States District Judge