1  **WO**

6  **IN THE UNITED STATES DISTRICT COURT**

7  **FOR THE DISTRICT OF ARIZONA**

10  Kathoum Mutab,                              )   No. CV-07-1415-PHX-DGC (CRP)
                                                )
11           Petitioner,                        )   **ORDER**
                                                )
12  vs.                                         )
                                                )
13  Charles L. Ryan, Director of the Arizona    )
    Department of Corrections; and the          )
14  Attorney General of the State of Arizona,   )
                                                )
15           Respondents.                       )
                                                )
16  _____    )

18      Kathoum Mutab pled guilty in state court to four counts of attempted child

19  molestation and dangerous crimes against children.  He was sentenced to an aggravated

20  12-year prison term and lifetime probation.  He presently is incarcerated at the Arizona State

21  Prison–Winchester Unit, in Tucson.

22      Mutab filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254,

23  arguing that *Blakely v. Washington*, 542 U.S. 296 (2004), entitles him to a jury determination

24  of his aggravated sentence.  Dkt. #1.  United States Magistrate Judge Charles Pyle issued a

25  report and recommendation ("R&R") that the petition be dismissed as untimely.  Dkt. #12.

26  The Court issued an order accepting the R&R and dismissing the petition.  Dkt. #24.

27      Mutab has filed a motion for reconsideration.  Dkt. #27.  For reasons that follow, the

28  Court will deny the motion.

Mutab objected to Judge Pyle's finding that Mutab has not shown an entitlement to equitable tolling of the AEDPA's limitation period.  Dkt. #13 at 3-4.  Equitable tolling "is not available in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and is appropriate only if Mutab can show diligent pursuit of his rights and some "extraordinary circumstance" preventing his timely filing, *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004).  The Court agreed with Judge Pyle that Mutab has not met either prerequisite. Dkt. #24 at 3-4.

Mutab claims that "newly discovered evidence" supports his motion for reconsideration.  Specifically, Mutab asserts that he was impeded from taking advantage of paralegal assistance because the paralegal provided by the ADOC exerts "hostile influence" over convicted sex offenders and will cause their deaths by outing them as pedophiles. Dkt. #27 at 6.  Mutab, who is an Iraqi native and Muslim, also notes anti-war sentiments he has witnessed on the part of Americans.  *Id.*  Mutab contends that this "new evidence" constitutes an external impediment that delayed the filing of his habeas petition.  *Id.*

In its order dismissing the petition, the Court noted that "[b]ecause Mutab has presented no evidence showing that he took advantage of paralegal assistance provided by the ADOC, he has failed to show that the implementation of D.O. 902 caused his untimeliness."  Dkt. #24 at 4.  The Court also made clear, however, that Mutab presented no facts "show[ing] that he diligently pursued his right to federal habeas relief" (*id.* at 3), and that his "purported ignorance of the law 'is not, by itself, an extraordinary circumstance warranting equitable tolling'" (*id.* at 4) (citation omitted).  Mutab's failure to take advantage of paralegal assistance was not the sole basis for the Court's finding that he had failed to show an entitlement to equitable tolling.

Moreover, motions for reconsideration based on newly discovered evidence are warranted only when the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence.  *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D.

Ariz. 2003); LRCiv 7.2(g)(1).  Mutab does not meet this standard for newly discovered evidence.  He has not shown that the facts concerning the hostile paralegal and the alleged anti-Iraqi bias were unknown to him when he made his previous arguments, and could not have been known through the exercise of reasonable diligence.

Mutab also argues that fraud on the part of the State attorneys, that is, their filing of a "bogus statute of limitations violation defense," constitutes an extraordinary circumstance entitling Mutab to reopen his petition.  Dkt. #27 at 9.  This argument is wholly without merit.

**IT IS ORDERED:**

1.     Petitioner's motion for reconsideration (Dkt. #27) is **denied**.

2.     Petitioner's motion for extension of time (Dkt. #26) is **denied** as moot.

DATED this 16th day of February, 2010.

David G. Campbell
United States District Judge